The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EMANUEL FLORES a/k/a ESMANUEL FORES a/k/a ESMAUEL FLORES

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
CHRISTOPHER R. DURSO, ESQ. ROSENBAUM & ASSOC., 1818 MARKET ST., STE 3200,, PHILA., PA 19103 (215) 569-0200

## DEFENDANTS
CITY OF PHILADELPHIA, ET AL

County of Residence of First Listed Defendant   PHILADELPHIA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | | ☐ 862 Black Lung (923) | |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | |
| | | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | [x] 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | [x] 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 42 USC §§ 1983, 1985, 1988
Brief description of cause: Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 3-29-21   SIGNATURE OF ATTORNEY OF RECORD  /s/

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __2557 REESE STREET, PHILA., PA 19133__

Address of Defendant: __1515 ARCH ST., PHILA., PA 19102__

Place of Accident, Incident or Transaction: __Philadelphia Prison System__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [ ]

I certify that, to my knowledge, the within case [ ] is [✗] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __3-29-21__   _____   _____
                    Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

A. **Federal Question Cases:**
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [✓] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
     *(Please specify):* _____

B. **Diversity Jurisdiction Cases:**
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
     *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Chris Durso__, counsel of record or pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: __3-29-21__   _____   __89289__
                    Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMANUEL FLORES<br>a/k/a ESMANUEL FLORES<br>a/k/s ESMAUEL FLORES<br>2557 Reese Street<br>Philadelphia, PA 19133 | :<br>:<br>:<br>: **JURY TRIAL DEMANDED**<br>: |
| Plaintiff, | : |
| vs. | : No. 21-CV_____ |
| CITY OF PHILADELPHIA<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>and<br>BLANCHE CARNEY<br>City of Philadelphia Prison Commissioner<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>and<br>BRUCE HERDMAN<br>City of Philadelphia Prisons Chief Medical Officer<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>and<br>NANCY GIANETTA<br>Warden for Curran-Fromhold Correctional Facility<br>(CFCF)<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>And<br>ROBERT ROSE<br>Deputy Warden for Curran-Fromhold Correctional<br>Facility (CFCF)<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>and<br>JESSICA BOWERS<br>Deputy Warden in the Philadelphia Prison System<br>(PPS);<br>1515 Arch Street, 14th Floor<br>Philadelphia, PA 19102<br>and | : |

| | |
|---|---|
| ROMICA TITA | : |
| CORRECTIONAL OFFICER | : |
| 1515 Arch Street, 14th Floor | : |
| Philadelphia, PA 19102 | : |
| and | : |
| DERRICK HASTINGS | : |
| CORRECTIONAL OFFICER | : |
| 1515 Arch Street, 14th Floor | : |
| Philadelphia, PA 19102 | : |
| and | : |
| Correctional Sergeant Lebesco | : |
| 1515 Arch Street, 14th Floor | : |
| Philadelphia, PA 19102 | |
| JOHN DOE     : | |
| CORRECTIONAL OFFICER | : |
| 1515 Arch Street, 14th Floor | : |
| Philadelphia, PA 19102 | Defendants. |

## CIVIL RIGHTS COMPLAINT

This is a civil rights action brought by Plaintiff, Emanuel Flores, seeking damages and punitive damages against the named Defendants under the United States Constitution, federal laws and the tort law of the Commonwealth of Pennsylvania.

### I. JURISDICTION

1. This is a civil rights action brought pursuant to 42 U.S.C. §§ 1983, 1985 and 1988; Americans With Disabilities Act; and the Eighth and Fourteenth Amendments to the United States Constitution, other constitutional provisions, federal statutes and state tort laws; this Court has jurisdiction over all claims and parties.

2. Jurisdiction is also based upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory and Constitutional provisions.

### II. EXHAUSTION

3. To the extent Plaintiff was required to exhaust any administrative remedies, Plaintiff has exhausted his administrative remedies by filing the appropriate grievances.

## III. PARTIES

4. Plaintiff hereby incorporates by reference, Paragraphs 1 through 3, as though they are fully set forth herein.

5. The plaintiff, Emanuel Flores, a/k/a Esmanuel Flores, a/k/a Esmauel Flores (hereinafter Emanuel Flores), is an adult individual and a resident of the Commonwealth of Pennsylvania. At all times relevant here, Plaintiff was imprisoned in the City and County of Philadelphia Prison System's ("PPS") Curran-Fromhold Correctional Facility ("CFCF").

6. Defendant, CITY AND COUNTY OF PHILADELPHIA ("Defendant CITY OF PHILADELPHIA"), is a municipality organized by and through the Commonwealth of Pennsylvania that directs, manages and controls the Philadelphia Prison System ("PPS"), and employs the individually named PPS correctional officers and contacts with the Corizon.

7. The defendant, City of Philadelphia Prison Commissioner Blanche Carney (Defendant Carney) is the Commissioner of the Philadelphia Prison System (PPS), including Curran-Fromhold Correctional Facility (CFCF); she is being sued in her individual and official capacities.

8. The defendant, City of Philadelphia Prisons Chief Medical Officer Bruce Herdman (Defendant Herdman) is the Chief Medical Officer for the Philadelphia Prison System (PPS); he is being sued in his individual and official capacities. At all times relevant hereto, Defendant Herdman was personally responsible for the delivery of and quality of the medical, behavioral health and dental services provided to prisoners such as Plaintiff; he is being sued in his individual and official capacities.

9. The defendant, City of Philadelphia Warden Nancy Gianetta (Defendant Gianetta) is the Warden for Curran-Fromhold Correctional Facility (CFCF) in the Philadelphia Prison System

(PPS); she is being sued in her individual and official capacities.

10. The defendant, City of Philadelphia Deputy Warden Robert Rose (Defendant Rose) is a Deputy Warden for Curran-Fromhold Correctional Facility (CFCF) in the Philadelphia Prison System (PPS); he is being sued in his individual and official capacities.

11. The defendant, City of Philadelphia Deputy Warden Jessica Bowers (Defendant Bowers) is a Deputy Warden in the Philadelphia Prison System (PPS); she is being sued in her individual and official capacities.

The defendant, City of Philadelphia Correctional Officer Romica Tita (Defendant Tita) is a correctional officer in the Philadelphia Prison System (PPS); she is being sued in her individual and official capacities.

12. The defendant, City of Philadelphia Correctional Officer Derrick Hastings (Defendant Hastings) is a correctional officer in the Philadelphia Prison System (PPS); he is being sued in his individual and official capacities.

13. The defendant, City of Philadelphia Correctional Sergeant Lebesco[1] (Defendant Lebesco) is a correctional officer in the Philadelphia Prison System (PPS); he is being sued in his individual and official capacities.

14. Defendants, John Does 1-10, is a moniker/fictitious name for individuals and entities currently unknown but will be substituted when known, as affiliated, associated or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties are incorporated as Defendants in each and every count and averment listed above and below. Upon information and belief, Defendants, John Does, were agents, servants, workmen, or employees of Co-

---

[1] The City of Philadelphia and Commissioner Carney, Chief Medical Officer Herdman, Warden Gianetta, Deputy Wardens Rose and Bowers, Correctional Sergeant Lebesco, and Correctional Officers Hastings and Tita are collectively known as the Municipal Defendants.

Defendants, liable to Plaintiff hereunder.

## IV. FACTS

15. Plaintiff hereby incorporates by reference, Paragraphs 1 through 14, as though they are fully set forth herein.

16. Defendant CITY OF PHILADELPHIA operates PPS as the county prison system.

17. As the operator of PPS, Defendant CITY OF PHILADELPHIA has a statutory nondelegable duty to provide healthcare to inmates at PPS. It is not absolved of its duty by hiring private- for-profit corporations to provide healthcare to county inmates; and it is liable for third-party negligence as it relates to inmate healthcare.

18. Defendant CITY OF PHILADELPHIA employs Defendants Carney and Herdman in supervisory capacities related to the delivery of healthcare to all persons imprisoned within PPS, and were responsible for the health, safety, well-being and provision of health care to Plaintiff while he was a prisoner at PPS.

19. On or about March 31, 2019, Plaintiff Emanuel Flores was housed in CFCF in C1 Pod 2, Cell # 22.

20. Upon information and belief, Defendants Tita, Hastings, and Lebesco were responsible for the health and safety of the inmates in that pod and were specifically responsible to ensure that the medical orders, including the bottom bunk accommodations, were enforced for all the inmates in that area.

21. During Plaintiff's intake into PPS on March 5, 2019, the Municipal Defendants were notified that plaintiff suffers from epileptic seizures and is on medication for said condition.

22. Prior to March 31, 2019, plaintiff requested that defendants place him on a bottom bunk bed to sleep for safety purposes.

23. After Plaintiff's March 2, 2019 visit with NP Henderson-Hamwright, for health and safety reasons, it was determined that Plaintiff required bottom bunk status, meaning he could only sleep

in the bottom-bunk and not the top bunk.

24. On Plaintiff's "Prison Health Services, Intake", Corizon Health prescribed that Plaintiff "Bottom Bunk Status" both on March 2, 2019 and March 29, 2019.

25. This information was included in Plaintiff's Lock and Track prior to March 31, 2019 and his medical records and the Municipal Defendants had a legal duty to abide by those medical orders.

26. Despite being notified of plaintiff's epileptic condition and seizure disorder, defendants required plaintiff to utilize a top bunk bed during his housing at CFCF.

27. The Municipal Defendants intentionally and recklessly ignored and disregarded Plaintiff's "bottom bunk status" and instead required him to sleep in the top bunk.

28. On March 31, 2019, Defendants Lebesco, Hastings and Tita were on duty and working in C1, Pod 2 when Plaintiff suffered a medical emergency causing him to fall from the top bunk.

29. The deliberate indifference and carelessness and/or negligence of the Municipal Defendants consisted of the following:

   a. Failing to provide adequate care and protection for the inmates on the premises such as the plaintiff;

   b. Failing to provide a safe environment for plaintiff in light of plaintiff's epileptic condition;

   c. Requiring plaintiff to utilize a top bunk bed when defendants knew that plaintiff was likely to suffer a seizure;

   d. Failing to properly supervise persons maintaining defendants' premises;

   e. Failing to properly train defendants' employees; and,

   f. Failing to take precautions to prevent the subject incident;

30. Solely because of the conduct of the Municipal Defendants acting as aforesaid, the plaintiff was caused to sustain serious physical injury in and about his person, including but not limited to plaintiff's head requiring staples, fracture to his neck requiring surgery with hardware,

back and       memory loss, as well as a severe shock to the nerves and nervous system and was or may have been otherwise injured, whereby plaintiff has suffered and may continue to suffer in the future and/or may be permanent.

31. After Plaintiff was injured, on March 31, 2019, he promptly filed a grievance with PPS.

32. Defendants knew and/or should have known and ignored that Plaintiff had a serious medical condition, needed medication for seizures, and that a top bunk was a dangerous condition for Plaintiff.

33. The conduct of Defendants was part of a custom, policy and/or practice and these customs, policies or practices caused the violations of Plaintiff's rights. Specifically, Defendants ignore severe medical conditions, do not provide prisoners with needed medications, do not verify medical conditions with medical staff/records, and place prisoners in dangerous living quarters, including by a failure to train, supervise, or otherwise direct corrections officers in similar situations as inappropriately acceptably common.

34. Upon information and belief, Defendant, Commissioner Carney is the chief decision/policy maker at PPS.

### COUNT I

**42 U.S.C. § 1983, et seq., through U.S. Constitutional Amendments IV, VIII, and XIV**

35. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

36. Plaintiff was in Defendants' custody. Defendants had an affirmative duty to protect Plaintiff, and Defendants acted with deliberate indifference.

37.     To perpetuate their misconduct, Defendants clothed themselves with color of state authority through the use of the Philadelphia Prison System.

38.     Defendants' willful, reckless and malicious actions were made in an effort to deprive Plaintiff of his rights as set forth above and pursuant to U.S. Const. Amends. IV, VIII, and XIV, and state law.

## COUNT II
## Monell

39.     Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

40.     Prior to the events described herein, Defendants developed and maintained policies, practices, procedures and customs exhibiting deliberate indifference to the Constitutional rights of persons, which caused violations of Plaintiff's constitutional and other rights.

41.     Specifically, Defendants ignore severe medical conditions, do not provide prisoners with needed medications, do not verify medical conditions with medical staff records, and place prisoners in dangerous living quarters, including by a failure to train, supervise, or otherwise direct corrections officers in similar situations as inappropriately acceptably common

42.     The above-described acts or omissions by Defendants, demonstrated a deliberate indifference to the rights of incarcerated citizens, such as Plaintiff, and were the cause of the violations of Plaintiff's rights as set forth herein.

43.     Plaintiff suffered harm due to Defendants' conduct.

44.     As of March 31, 2019, the Municipal Defendants were on notice of the risks associated with requiring inmates to sleep on the top bunk, despite the medical necessity for them to be on the bottom bunk because of the numerous lawsuits against PPS for that exact

conduct, including, but not limited to Short v. Byrne, 2019 U.S. Dist. LEXIS 137739 (EDPA August 14, 2019).

## COUNT III
### 8th & 14th Amendment Violation - Deliberate Indifference

45. Plaintiff incorporates by reference the prior paragraphs as if fully set forth at length herein.

46. Defendants had an affirmative duty to provide reasonable medical accommodations to those who are incarcerated.

47. Plaintiff's conditions are governed by the Eighth and Fourteenth Amendment of the United States Constitution.

48. At all times material, the deliberate indifference of Defendants described above violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment, and resulted in permanent consequences including pain, suffering, and humiliation caused by the fall.

49. At all times material, Defendants acted with deliberate indifference to a known grave risk of harm in turning a blind eye to the nature of Plaintiffs medical condition.

## COUNT V
### Prayer for Relief

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in his favor and against Defendants, individually, jointly and/or severally, in an amount in excess of seventy-five thousand dollars ($75,000), plus

such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

- Statutory damages;
- Compensatory damages, including;

    a. serious physical injury in and about the person, including but not limited to plaintiff's head requiring staples, fracture to his neck requiring surgery with hardware, back and memory loss, as well as a severe shock to the nerves and nervous system and was or may have been otherwise injured, whereby plaintiff has suffered and may continue to suffer in the future and/or may be permanent.

    b. The plaintiff may have sustained other injuries and pre-existing conditions may have been aggravated.

    c. The plaintiff avers that some or all of the injuries sustained may be or are of a permanent nature and character.

    d. As a further result of the aforesaid accident and resultant injuries, plaintiff has expended and is in the future likely to expend substantial sums of monies for the care, treatment and attempted cure of plaintiff's injuries, all to plaintiff's great financial loss and detriment.

    e. As a further result of the aforesaid accident and resultant injuries, plaintiff has been caused to undergo in the past and is likely to undergo in the future, severe pain, suffering, inconvenience and embarrassment, all to plaintiff's great financial loss and detriment.

- Actual damages for financial and physical injuries, including but not limited to wage loss and loss of earning capacity, attorney's fees related to the

criminal defense, and emotional distress;
- Punitive damages; and
- Attorneys' fees and expenses, and costs of suit.

ROSENBAUM and ASSOCIATES, P.C.

By: _____
CHRISTOPHER R. DURSO, ESQUIRE
Attorney for Plaintiff
1818 Market Street, Suite 3200
Philadelphia, PA  19103
(215) 569-0200
cdurso@rosenbaumfirm.com