UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMANUEL FLORES,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO. 2:21-cv-01469-WB |
| | : | |
| **CITY OF PHILADELPHIA, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

**JOINT REPORT OF RULE 26(f) MEETING
AND PROPOSED DISCOVERY PLAN**

In accordance with Federal Rule of Civil Procedure 26(f) and the Court's policies and procedures, counsel for the parties conferred on May 3, 2021 and hereby submit the following Report of their conference for the Court's consideration:

**1.   Discussion of Claims, Defenses, and Relevant Issues**

**Plaintiff:**

On March 31, 2019 Plaintiff, a 31-year-old man, was incarcerated at Curran-Fromhold Correctional Facility (CFCF) on charges relating to a PFA. Plaintiff was epileptic since the age of two, and this medical history was documented by Corizon and reported to Defendant City as Plaintiff requiring a bottom bunk.

Despite the warning and Plaintiff's repeated complaints to his Correctional Officers about his medical need, Plaintiff was assigned to a top bunk.  On March 31, 2019, Plaintiff had an epileptic seizure, causing him to fall to the ground from his top bunk.  As a result of the fall, Plaintiff fractured his neck and injured his head, requiring a cervical discetcomy and fusion surgery at C6-7 and six staples in head.  He was hospitalized at Jefferson Aria Hospital for nine days.

1

**Defendants:**

Although it is true that Plaintiff was classified as requiring bottom bunk and that he required emergency medical treatment March 31, 2019 as a result of a fall from the top bunk in his cell, it is specifically denied that the named correctional officers and named defendant prison officials were actually aware of the plaintiff's bottom-bunk status or that Plaintiff had complained to correctional officers about being assigned to a top bunk. The plaintiff submitted a grievance on April 11, 2019 regarding his fall from the bunk on March 31, 2019, but there is no record of a grievance regarding his bunk assignment prior to April 11, 2019. Additionally, one of the defendant correctional officers, CO Derrick Hastings, specifically denies being assigned to C1Pod2, in which the plaintiff was housed in cell #22 on March 31, 2019, and he had no personal knowledge of the plaintiff's status prior to responding to a stretcher call at C1Pod2 on that date. CO Hastings was a rover assigned to C1 Building.

This appears to be a negligence case, which is barred by the Tort Claims Act, and claims of negligent violations of the Constitution of United States are not recoverable under 42 U.S.C. § 1983 (*see, e.g., Davidson v. Cannon*, 474 U.S. 344 (1986) (lack of due care does not trigger the protections of the Due Process Clause – there must be a deprivation of a protected interest).

2. **Initial and Informal Disclosures**

**Plaintiff:** Plaintiff will serve initial and informal disclosures on or before May 13, 2021.

**Defendants:** Defendants will serve their Rule 26(a) disclosures on or before May 13, 2021.

3. **Formal Discovery**

The scope and timing of discovery may include interrogatories, request for production of documents, an independent medical examination(s) of the plaintiff, depositions of the parties, depositions of independent witnesses (if identified), as well as depositions of City designees

pursuant to Federal Rule of Civil Procedure 30(b)(6).  The parties propose one hundred (120) days for fact discovery and an additional thirty (30) days for expert discovery.  The reason for the longer period of time than normally allowed by the Court is the complexity of the discovery that is required for this type of civil rights action, where the City is a party.  The proposed discovery deadlines are as follows:

>  Fact Discovery:  August 31, 2021
>
>  Plaintiff's Expert Discovery:  September 29, 2021
>
>  Defendants' Expert Discovery:  October 29, 2021

4. **Electronic Discovery**

The parties do not anticipate engaging in electronic discovery.

5. **Expert Witness Disclosures**

The parties will disclose experts and produce expert reports in accordance with the Federal Rules of Civil Procedure.  The parties anticipate a total of six experts in this matter, including neurosurgeons, life care experts, and vocational experts.  The experts reports will be exhanged in a staggered manner.  The plaintiff will serve expert reports on the defendants on or before September 29, 2021.  The defendants will serve expert reports on the plaintiff on or before October 29, 2021.

6. **Early Settlement or Resolution**

The parties believe a settlement conference before a U. S. Magistrate will be helpful to resolve this case.  The parties will report to the Court when a settlement conference will be helpful.

7. **Trial Date**

The parties do not request a certain trial date at this time, but the parties expect to be ready for trial on February 7, 2022.

**8. Other**

Defendants anticipate they will move for summary judgment on some or all of the claims.

Respectfully submitted,

*/s/ Christopher R. Durso*
Christopher R. Durso, Esquire
Rosenbaum & Associates, P.C.
1818 Market Street, Suite 3200
Philadelphia, PA  19103
(215) 569-0200, Extension 118 (tel)
(215) 569-6099 (fax)
cdurso@rosenbaumfirm.com
*Attorney for Plaintiff*


*/s/ Matthew K. Hubbard*
Matthew Kevin Hubbard
Senior Attorney
Attorney Identification #44110
City of Philadelphia Law Dept.
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
(215) 683-5391 (tel)
(215) 683-5397 (fax)
matthew.hubbard@phila.gov
*Attorney for Defendants*

Dated:  May 6, 2021