UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMANUEL FLORES,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO. 2:21-cv-01469-WB |
| | : | |
| **CITY OF PHILADELPHIA, ET AL.,** | : | |
| | : | |
| **Defendants.** | : | |

## ANSWER WITH AFFIRMATIVE DEFENSES

COME NOW the Defendants, City of Philadelphia, Commissioner Blanche Carney, Bruce Herdman, Warden Nancy Gianetta, Deputy Warden Robert Rose, Deputy Warden Jessica Bowers, Correctional Officer Romica Tita, Correctional Officer Derrick Hastings, and Correctional Sergeant Alfred Lebesco ("Answering Defendants"), by and through their attorney, Matthew Kevin Hubbard, Senior Attorney, and answer the plaintiff's Complaint as follows:

### I. JURISDICTION

1. This paragraph contains legal conclusions to which the Federal Rules of Civil Procedure require no response.

2. This paragraph contains legal conclusions to which the Federal Rules of Civil Procedure require no response.

### II. EXHAUSTION

3. DENIED.

### III. PARTIES

4. Answering Defendants incorporate their previous responses herein by reference as though set forth at length.

5. ADMITTED.

6. DENIED as stated. The City of Philadelphia is a city of the first class, organized and

existing pursuant to the laws of the Commonwealth of Pennsylvania and the Philadelphia Home Rule Charter.  The City owns, maintains, and operates a prison system (Philadelphia Department of Prisons, or "PDP") in accordance with state and federal laws, the Philadelphia Home Rule Charter and the Philadelphia Code.  The City, at all times material to this action, employs the named PDP officials and officers, and employs the services of Bruce Herdman under contract as the Chief of Medical Operations for the PDP.  The City, through the PDP, contracts with Corizon for the provision of medical services at the PDP.

7. DENIED as stated.  Commissioner Carney is the commissioner of the PDP.

8. ADMITTED that Bruce Herdman, who is not a medical doctor, is the Chief of Medical Operations for the PDP.  The remaining allegations are DENIED as untrue or inaccurate.

9. DENIED as stated.  Warden Gianetta is the warden of CFCF in the PDP.

10. DENIED as stated.  Deputy Warden Rose is a deputy warden at CFCF in the PDP.

11. DENIED as stated.  Deputy Warden Bowers is a deputy warden in the PDP. Correctional Officer Romica Tita is a correctional officer in the PDP.

12. DENIED as stated.  Correctional Officer Hastings is a correctional officer in the PDP.

13. DENIED as stated.  Correctional Sergeant Lebesco is a correctional sergeant in the PDP.

14. DENIED.  This paragraph is directed to fictitious persons.

## IV. FACTS

15. Answering Defendants incorporate their previous responses herein by reference as though set forth at length.

16. DENIED as stated.  The City operates the PDP through its duly appointed Commissioner, Blanche Carney, in accordance with the Home Rule Charter and Philadelphia Code.

17. DENIED.  This paragraph contains conclusions of law to which the Federal Rules of Civil Procedure require no response.  It is ADMITTED the City provides medical and behavioral health services in accordance with the law, PDP policies and procedures, and the provisions of the contracts with its providers.

18. DENIED as stated.  Although Commissioner Carney is the policymaker and duly appointed

official responsible for the operation of the PDP in accordance with PDP policies and procedures and applicable state and federal laws, Bruce Herdman is the Chief of Medical Operations and discharges his duties in accordance with a consulting contract.

19. ADMITTED.

20. DENIED.  The allegations in this paragraph are untrue or inaccurate.

21. DENIED.  The allegations in this paragraph are untrue or inaccurate.

22. DENIED.

23. ADMITTED.

24. ADMITTED.

25. DENIED.  This paragraph contains a conclusion of law to which the Federal Rules of Civil Procedure require no response.

26. DENIED.

27. DENIED.  This paragraph contains conclusions of law to which the Federal Rules of Civil Procedure require no response.

28. DENIED.  The allegations in this paragraph are untrue or inaccurate.

29.  DENIED.  This paragraph and its subparagraphs contain conclusions of law to which the Federal Rules of Civil Procedure require no response.

30. DENIED.  This paragraph contains conclusions of law to which the Federal Rules of Civil Procedure require no response.

31. DENIED.

32. DENIED.  This paragraph contains conclusions of law to which the Federal Rules of Civil Procedure require no response.

33. DENIED.  The allegations in this paragraph are untrue and contain conclusions of law to which the Federal Rules of Civil Procedure require no response.

34. ADMITTED.

## COUNT I

**42 U.S.C. § 1983, et seq., through U.S. Constitutional Amendments VIII and XIV[1]**

35. Answering Defendants incorporate their previous responses herein by reference as though set forth at length.

36. ADMITTED Plaintiff was in Answering Defendants' custody.  The remaining allegations are DENIED as conclusions of law.

37. DENIED.  This paragraph contains conclusions of law to which the Federal Rules of Civil Procedure require no response.

38. DENIED.  This paragraph contains conclusions of law to which the Federal Rules of Civil Procedure require no response.

## COUNT II

### Monell

39. Answering Defendants incorporate their previous responses herein by reference as though set forth at length.

40. DENIED.  This paragraph contains allegations that are patently false, made subject to sanctions permitted under Fed. R. Civ. P. 11, and conclusions of law.

41. DENIED.  This paragraph contains allegations that are patently false, made subject to sanctions permitted under Fed. R. Civ. P. 11, and conclusions of law.  The policies of the PDP are available to the public and a thorough review of those policies will yield no such falsehoods as pled in this paragraph.  Moreover, for decades the City has contracted with nationally recognized medical and behavioral health providers for the provision of healthcare services to all inmates, which plainly contradicts the false allegations in this and the previous paragraph.

42. DENIED.  This paragraph contains conclusions of law.

43. DENIED as a conclusion of law.

44. DENIED as a conclusion of law.

---

[1] By stipulation, Plaintiff has withdrawn his Fourth Amendment claim.

## COUNT III

### 8th and 14th Amendment Violation – Deliberate Indifference

45. Answering Defendants incorporate their previous responses herein by reference as though set forth at length.

46. DENIED as a conclusion of law.

47. DENIED as a conclusion of law.

48. DENIED as conclusions of law.

49. DENIED as a conclusion of law.

WHEREFORE, Answering Defendants demand judgment in their favor and such other relief as this Court deems appropriate, including an award of the costs of defending against the claims in this civil action.

### FIRST AFFIRMATIVE DEFENSE

All the plaintiff's claims fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The individual defendants are entitled to qualified immunity, as their actions were objectively reasonable, in good faith and in accordance with applicable state and federal law.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff's federal claims are barred or limited by the Prison Litigation Reform Act, 42 U.S.C. § 1997e *et seq*.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff cannot recover punitive damages against the City and the named defendants' in their official capacity.

WHEREFORE, Answering Defendants deny they are liable to Plaintiff and respectfully demand judgment in the favor and such other relief as the Court deems appropriate, including an award of the costs of defending against the claims in this civil action.

                                                Respectfully submitted:

Date:  May 20, 2021                 /s/ *Matthew K. Hubbard*
                                           **MATTHEW KEVIN HUBBARD**
                                           Senior Attorney
                                           City of Philadelphia Law Department
                                           Civil Rights Unit
                                           1515 Arch Street, 14th Floor
                                           Philadelphia, PA 19102
                                           (215) 683-5391  (Tel)
                                           (215) 683-5397  (Fax)
                                           *matthew.hubbard@phila.gov*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EMANUEL FLORES,** | : | **JURY TRIAL DEMANDED** |
| **Plaintiff,** | : | |
| v. | : | NO. 2:21-cv-01469-WB |
| **CITY OF PHILADELPHIA, ET AL.,** | : | |
| **Defendants.** | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, the foregoing Answer with Affirmative Defenses was electronically filed, and is available for viewing and downloading via the Court's ECF system to the plaintiff's attorneys.


Dated:  May 20, 2021                     /s/ *Matthew K. Hubbard*
                                         MATTHEW KEVIN HUBBARD
                                         Senior Attorney